EASTERN DIST.
*March*, 1835.

CAMPBELL
*vs.*
HIS CREDITORS.

</div>

=====

## CAMPBELL *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

8L 71
e108 214
c108 216

Where the application to obtain an injunction was not legally made, yet when all the facts necessary to authorise it, are manifest by matters of record, it may be granted.

So, admitting the facts necessary to support the application for an injunction were not legally established, when it was granted; on a motion to dissolve, if from an inspection of the record it is evident to the court the applicant would be entitled to a new one, in case the first is dissolved, it will be sustained.

The insolvent debtor in this case, filed his petition and schedule, praying for a meeting of his creditors to deliberate on his affairs; that his property be accepted for his creditors

EASTERN DIST.
March, 1835.
════════
CAMPBELL
vs.
HIS CREDITORS by the judge, and in the meantime, that all proceedings against his person and property be stayed.

On the 31st May, 1833, the judge accepted the surrender of the debtor's property, and ordered a meeting of the creditors before the parish judge of the parish of Iberville, the 15th July following. Thomas E. Ives was appointed attorney for the absent creditors.

At the meeting of creditors, a majority in number and amount voted to sell the immoveable property of the ceding debtor, on a credit of one, two and three years, and elected Thomas E. Ives and John D. Bein syndics.

Spencer, Gloyd and others, who are judgment creditors, opposed the proceedings of the creditors, in voting to sell the immoveable property on a credit of one, two and three years, when they had a right, as mortgaged and privileged creditors, to have it sold for cash. They further opposed the appointment of Thomas E. Ives as one of the syndics, on the ground that he was not eligible, he being appointed and having accepted the trust of attorney for the absent creditors. They pray that the proceedings of the meeting of creditors be set aside, and that sufficient of the property surrendered to pay their mortgage claims, be *sold for cash,* and that the appointment of Thomas E. Ives as one of the syndics, be annulled.

Upon the hearing of this part of the case, the court decreed that the opposition be overruled as relates to both branches. The counsel for the opponents took a bill of exceptions to the opinion of the court.

On the 31st of October, 1833, the opponents, by their counsel, filed a motion and application for a re-hearing of their opposition, which was on the 3d November after argument laid over, until the next or spring term of the court.

During the intervening time, the syndics advertised the property for sale, on the terms of credit voted by the creditors. On the 11th January, 1834, the opposing creditors obtained an injunction against the sale, on the grounds, that from the face of the papers it appeared one of the syndics was

ineligible, and that the opposing creditors had the right to have the sale made for cash, and that their opposition was undecided.

At the September term, 1834, of the Iberville court, the syndics moved to dissolve the injunction on the face of the petition. The motion was overruled, and from the judgment sustaining the injunction, the syndics appealed.

*Stacy*, for the syndics and appellants, showed that the opposition of the mortgage creditors, who obtained this injunction, and the grounds upon which it was obtained, were overruled and finally decided on by the court, in its order made on the 31st October, 1833; the injunction was, therefore, improperly granted, and should have been dissolved on its face.

2. The order granting a re-hearing, and laying over the opposition to another term, after its final decision, was obtained *ex parte,* which no opposing creditor had the right to do, when it was reversing a previous decision and order of the court. This order was obtained without notice to the other creditors, and should have been disregarded. *7 Martin, N. S.,* 425.

3. The opposing and injunction creditors having only a general mortgage, resulting from the recording of their mortgages, had no right to demand a cash sale, if the majority of creditors, in number and amount, voted differently: such right belongs exclusively to creditors by special mortgage or privilege. *2 Moreau's Digest,* 429, *sec* 16. *Louisiana Code,* 2062.

4. The ground laid in the petition for the injunction, that the syndics had advertised the sale without a special order of court, is untenable; none was necessary, or is necessary in any case except where rights and credits are to be sold. *Acts of* 1826, *sec.* 3. *See Acts of* 1817, *sec.* 30.

5. Whatever causes might have existed, the present injunction was wrongfully and illegally obtained, and must be dissolved. It was obtained on the application and affidavit of the attorney at law of the parties. As attorney at law, he

was incompetent to make the affidavit which must be made by the principal. 4 *Mar. N. S.*, 355. *Code of Practice*, 304.

6. The affidavit was clearly illegal and null, because the evidence shows it was made on Sunday, which is not a legal day. The statement of facts shows it was made on Sunday, the 12th January, instead of Saturday the 11th, as it purports. *Code of Practice*, 207.

7. The affidavit was insufficient on its face: not a single fact is sworn to. It reads thus: "F. H. Davis, agent for the petitioners, being first duly sworn, says, that the facts and allegations in the foregoing petition, as of his own knowledge, are true, and that those as of the knowledge of others, he believes to be true; and that, according to his belief, an injunction, as prayed for, is necessary." Mr. Davis is also the attorney of record. The law requires the party to state, under oath, "the facts" which, according to his belief, render an injunction necessary. *Code of Practice*, 304. 5 *Louisiana Reports*, 50.

*Davis*, for the opposing creditors and appellees.

1. The injunction was rightfully obtained, and on legal grounds. The opposition of the mortgage creditors was always in time. It was kept open by the court, and the syndics had no right to proceed in the sale of the property until it was finally disposed of.

2. The necessity for the injunction is apparent on the face of the papers. For it is clear the opposing creditors had the right to force a sale for cash, and that one of the syndics is ineligible.

3. The syndics cannot sell unless by an order of court. The want of this prerequisite appears from the face of the papers.

4. The syndics having proceeded to sell the property without an order of court, and before the opposition was finally decided on, an injunction is shown, from the face of the papers, to be necessary. It could not be dissolved while this necessity existed. Damages having been disclaimed, there is no basis for even an appeal from the decision refusing to dissolve.

*Martin, J.,* delivered the opinion of the court.

EASTERN DIST.
*March,* 1835.

CAMPBELL
*vs.*
HIS CREDITORS.

Opposition having been made to the election of one of the syndics, and to the votes and proceedings of the creditors for the sale of the property ceded, the District Court, after acting on the first branch of the opposition, ordered that the second remain for consideration at the following term. Notwithstanding this order, the syndics advertised the property for sale. One of the creditors obtained an injunction to stay the sale until after the action of the court upon the opposition.

The syndics made an effort to have the injunction dissolved, and having failed, appealed to this court.

The appellants contend that the injunction was improperly granted, in the first instance, on the affidavit of the attorney at law of the applicant, who signs himself *attorney in fact*, but whose authority as such, is not shown. ·

As in the present case, all the facts necessary to authorise the injunction were manifest by matters of record, viz: the opposition to the vote of creditors for syndic the order of court postponing the consideration, and the question being still *sub judice.* The attempt of the syndics to sell before the court had acted on the opposition to the sale, is admitted by their effort to obtain the dissolution of the injunction.

Admitting that the facts necessary to ' support the application for an injunction, were not legally established at the judge's chambers, they were evident to the court on the motion to dissolve from the inspection of the record, and from the acts and conduct of the syndics. It was evident that if the court had been of opinion, on very technical grounds, indeed, that the injunction was not properly granted, the applicant had an undoubted right to a new one, on the dissolution of the former.

*Where the application to obtain an injunction was not legally made, yet when all the facts necessary to authorise it, are manifest by matters of record, it may be granted.*

*So, admitting the facts necessary to support the application for an injunction were not legally established; when it was granted, on a motion to dissolve, if from an inspection of the record it is evident to the court the applicant would be entitled ·to a new one, in case the first is dissolved, it will be sustained.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.